**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cr-00239-JAD-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JEREMY HALGAT, et al., ) | |
| ) | |
| Defendants. ) | |

    Before the court is Defendant Robert Morrow's Motion for Notice of Rule 404(b) Evidence (Dkt. #59) and Jeremy Halgat's Motion for Notice of Intent to Introduce 404(b) Evidence (Dkt. #61) and the government's Response (Dkt. #74).

    Both Defendants seek an Order requiring the United States to provide notice of intent to introduce any evidence under Rule 404(b) of the Federal Rules of Evidence in advance of trial which is currently set for January 8, 2014. The motions request that the government provide notice if it intends to introduce FRE Rule 404(b) evidence at trial, during it's case-in-chief, for impeachment or for rebuttal. Defendant Halgat's motion also argues that any FRE 404(b) evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence.

    The government filed a Response (Dkt. #74) acknowledging that it has an obligation, upon the Defendant's request, to provide reasonable notice of the general nature of any Rule 404(b) evidence that the prosecutor intends to offer at trial. The government represents that it does not intend to introduce other crimes or bad act evidence during its case-in-chief, but may seek to do so if either Defendant "opens the door" or presents an entrapment defense.

/ / /

The government previously responded to Defendant Morrow's motion in limine which addressed the government's position regarding the planning and commission of this offense which was captured on video. The government intends to introduce the videos and reiterates that the video evidence is relevant, direct evidence of the crimes the Defendants are charged with, and that the probative value of the evidence outweighs any prejudicial impact. The government relies on a line of Ninth Circuit decisions holding that evidence directly related to, or intrinsically intertwined with, the crime charged in the indictment is not evidence of other crimes for purposes of Rule 404(b).

The response provides notice that if the Defendants "open the door" or raise an entrapment defense, the government will seek to introduce evidence of the Defendants' prior and pending criminal cases that involve narcotics and/or firearms. Defendant Halgat has a pending controlled substance offense in this district and discovery has been provided to him. Numerous firearms were allegedly seized from McCall's residence on the day he was arrested in this case. These firearms are direct evidence of the charged crimes, and the government will seek to introduce the firearms during its case-in-chief. Additionally, McCall is a convicted felon prohibited from possessing firearms, but has not been charged with a violation of 18 U.S.C. § 922(g).

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** that:

1. The Defendants' Motions (Dkt. ##59, 61) are **GRANTED**.
2. The government shall have until **December 27, 2013**, in which to serve counsel for the Defendants with any supplemental notice of its intent to introduce FRE Rule 404(b) evidence not disclosed in the government's response.
3. Defendant Halgat's argument that any FRE 404(b) evidence should be excluded because its probative value is substantially outweighed by a danger of unfair prejudice or a needless presentation of cumulative evidence is deferred to the time of trial.

Dated this 13th day of December, 2013.

Peggy A. Leen
United States Magistrate Judge