UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jeremy Halgat, et al.,<br><br>Defendant. | Case No.: 2:13-cr-239-JAD-PAL<br><br>**Order Denying Defendant Halgat's Motion for Reconsideration of the Order Denying Defendant's Motions in Limine [Dkt # 134] [Doc. 153]** |

The Government alleges that Defendant Jeremy Halgat and other members of the Vagos Motorcycle Group were caught in a sting operation in which they provided armed security for the transfer of 10 kilograms of cocaine. *See* Doc. 101 at 2-3. On June 19, 2013, Halgat and his co-defendants were indicted on charges of conspiracy to possess with intent to deliver a controlled substance (Count 1), and using and carrying a firearm in connection with the Count 1 charges (Count 2). Doc. 1. Trial was originally scheduled for August 20, 2013. Doc. 22. On August 2, 2013, the parties entered a Joint Discovery Agreement ("JDA") that set the expert-disclosure deadline 30 days before trial. Doc. 33. The deadline for filing pretrial motions was October 31, 2013. Docs. 50 at 3-4; 72 at 10-11; 82 at 3; 104 at 2.

Between December 28, 2013, and January 14, 2014, Halgat filed a flurry of documents consisting of motions *in limine* (Docs. 82, 83, 88, 101, 104), subpoenas (Docs. 91, 92, 93, 94), and discovery motions (Docs. 86, 89, 102, 103, 111). These filings were resolved in several orders. Docs.

115, 122, 134, 142.[1] In resolving the motions *in limine*, the Court noted that the motions were fatally late because they were filed after the October 31, 2013, pretrial-motion deadline but "reluctantly consider[ed] them on their merits." Doc. 134 at 5. On the eve of the then-scheduled January 14, 2014, trial, the Court granted a continuance, and trial is now scheduled to begin on May 7, 2014. Doc. 146. In its Order continuing trial, the Court unequivocally stated that "[t]he motions deadline expired on October 31, 2013, and is not extended by this Order." Doc. 146 at 5.

Defendant Halgat now moves to reconsider the Court's Order re: Various Pretrial Motions in part, claiming that the Court clearly erred when it (1) ruled that all motions *in limine* filed after the October 31, 2013, pretrial motion deadline were untimely because motions *in limine* do not qualify as "pretrial motions," and (2) found that the government had timely disclosed Manual Garza as an expert witness. Doc. 153 at 1-4. Unpersuaded by Halgat's arguments, the Court denies the motion for reconsideration.

**Discussion**

Motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure, but trial courts in this district have customarily treated such motions as motions to alter or amend under Fed. R. Civ. Proc. 59(e).[2] Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law.[3] It is well recognized that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[4] Halgat's arguments do not point to any newly discovered evidence or change in the controlling law, thus the Court's inquiry is limited to whether its prior ruling was clearly erroneous or manifestly unjust.

---

[1] The undersigned issued Docs. 115 and 134. Magistrate Judge Leen issued Docs. 122 and 142.

[2] *United States v. Masters*, 2012 WL 5378194, at *6 (D. Nev. Oct. 30, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)).

[3] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999).

[4] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quotation omitted).

2

**A.     The October 31, 2013 *In Limine* Motions Bar**

As his first argument, Halgat contends that a motion *in limine* is not a "pretrial motion" bound by the October 31, 2013, deadline in the JDA. Doc. 153 at 3-4. Thus, he contends, the Court erred in ruling that Halgat's *in limine* motions were fatally late. *Id.* at 4. Halgat then lists the types of motions that must be made "before trial" pursuant to both Fed. R. Crim. Proc. 12(b)(3) and Local Rule 12-1, and notes that a motion "*in limine*" is not among them. *See id.* Halgat then refers the Court to *Luce v. United States*, a Supreme Court case that remarked in a footnote that *in limine* motions are properly defined as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered,"[5] and *United States v. Heller*, a Ninth Circuit case that also stands for this proposition. Doc. 153 at 4.[6] Halgat concedes that "trial judges are authorized to rule on motions *in limine* pursuant to their authority to manage trials." *Id.* at 2-4.

Courts in this district interpret *Luce* to hold that a ruling on *in limine* motions "is entirely within the discretion of the Court,"[7] and it strains the imagination to find a circumstance where "clear error" could result from an entirely discretionary action. Halgat's argument also overlooks authoritative trial court interpretations in this District, which observe that "a court is almost always better situated during the actual trial to assess the value and utility of evidence," such that ruling on *in limine* motions out of context of the actual evidentiary presentation at trial is often ill-advised.[8] Since Halgat does not indicate what *in limine* motions, if any, he might bring if the motions bar were lifted, the Court is unable to determine whether it would be minfestly unjust to reserve decision on any hypothetical *in limine* issue until trial or not.

Moreover, it is difficult for the Court to square Halgat's terminological quibbles with the definition of "*in limine*" he advances—as such motions are designed as a broadly applicable trial-

---

[5] *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984);

[6] *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).

[7] *McDowell v. Rimington*, 2014 WL 537593, at *2 (D. Nev. Feb. 7, 2014).

[8] *Goodman v. Las Vegas Metropolitan Police Dep't*, --- F. Supp. 2d ----, 2013 WL 4006159, at *4 (D. Nev. Aug. 2, 2013).

management tool to limit testimony or evidence in a particular area.  The Court's exercise of its inherent authority to manage the trial by limiting pretrial filings did not occur in a vacuum; the decision to set firm and comprehensive pretrial motion deadlines was a deliberate reaction to the rash of eleventh-hour court filings made in this particular case—of which Halgat was the principal offender.  The pattern of late filings was cogently illustrated by Magistrate Judge Leen in her Order on four of Halgat's additional pretrial motions:

> Defense counsel is admonished for filing these untimely motions, and warned that repeat conduct of this nature will be sanctioned. Filing pretrial motions on the eve of trial, well after the deadlines established by the court, after not only announcing ready for trial at calendar call, but also insisting that the trial not be continued, is an abusive litigation tactic. It interferes with the court's timely management of the docket. Of necessity, the court must put aside the matters of other litigants who need and deserve rulings on their matters. Late motions unnecessarily burden the court and opposing counsel. There is simply no justification for demanding "emergency"treatment of untimely filed motions at the same time insisting the trial should go forward so that the client's speedy trial rights are not violated.

Doc. 142 at 3.  In light of the history of this case, it was not clear error for the Court to exercise its discretion to manage the course of this case by placing a deadline on written pretrial motions of all types.  The Court declines Halgat's request to retract the ruling that motions *in limine* are pretrial motions subject to the JDA's hard October 31, 2013 filing deadline.

**B.    Expert Disclosure for Manuel Garza**

Halgat also argues that the Court clearly erred by failing to recognize that the expert disclosure deadline had expired by the time the government disclosed Manuel Garza as an expert on December 8-9, 2013.  Doc. 153 at 5.  In calculating this deadline, the Court distinguished the nature of the expert-witness disclosure deadline (which set the deadline not on a date certain but 30 days before trial) from other date-specific pretrial deadlines, reasoning that the former "was not a date certain; it was a free-floating target dependent entirely on the trial date," which was part of the JDA Halgat represented was "a binding agreement that must be followed by the parties in this case."  *Id.* at 7.  The Court found that because trial was then scheduled for January 14, 2014, the December 8-9 Garza expert disclosures were timely.  *Id.*

4

Halgat now takes umbrage with this distinction, but identifies no governing principle—from statute, rule, or case law—demonstrating that this distinction and interpretation of the JDA language was a clearly erroneous exercise of the Court's broad trial-management powers. Halgat also claims that allowing Garza to testify would be manifestly unjust because, "if the expert is not allowed to testify, the Government is unable to prove the elements of both of the crimes charged in the Indictment." Doc. 153 at 5-6. This bald claim makes no attempt to contextualize Garza's testimony inside the evidentiary matrix of this case or even explain what criminal "elements" Garza's testimony is necessary to establish. It is insufficient to advance Halgat's position. Given that Rule 59(e) relief is characterized as "extraordinary," the Court need not rummage around for either legal arguments Halgat chose not to make or evidence Halgat chose not to present. The motion for reconsideration is denied.

**Conclusion**

It is **HEREBY ORDERED** that Halgat's Motion for Reconsideration of the Order Denying Defendant's Motions in Limine **[Doc. 153] is DENIED.**

DATED: March 21, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

5