UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JEREMY HALGAT, et al.,<br><br>　　　　Defendants. | Case No.: 2:13-cr-00239-JAD-PAL<br><br>**Order**<br><br>**(Docs. 231, 245)** |

　　　Jeremy Halgat is a defendant in two separate cases arising out of an undercover investigation and resulting in cocaine-conspiracy charges filed in two separate indictments pending before two judges in this district. In the first-filed (and instant) case, 13-cr-239-JAD-PAL ("*McCall*") Halgat was charged with two other defendants—Anthony McCall and Robert Morrow—for events occurring in February-March 2013; in the second case, 13-cr-241-APG-VCF ("*Wickham*"), Halgat was charged along with a single co-defendant—Udell Wickham—for transactions four months earlier during the Fall of 2012. In June 2014, I denied the Government's strongly opposed motion to consolidate these cases after finding that the Government failed to demonstrate any of the conditions for joinder under Rule 8 of the Federal Rules of Criminal Procedure. Doc. 186.

　　　After Judge Andrew Gordon (the presiding judge in *Wickham*) and I announced intentions (and obtained the parties' agreement) to conduct a joint evidentiary hearing on the virtually identical motions to dismiss filed by Halgat in both *McCall* and *Wickham*, the Government renewed its motion to consolidate,[1] asking me to "revisit" my prior denial of the joinder motion. Doc. 231.

---

[1] Halgat argues that the motion is a late request for reconsideration and that motions for reconsideration are "granted sparingly." Doc. 244 at 14 (quoting *Mkhitaryan v. U.S. Bank, N.A.*, 2013 WL 3943552, at *2 (D. Nev. July 30, 2013). Although the Government also characterizes its request as one for "reconsideration of consolidation/joinder," because the motion does not challenge my order denying consolidation, I instead view the motion as a renewed motion based upon developments since the previous denial, not a belated motion for reconsideration of my

McCall and Halgat—the only remaining of the original four defendants[2]—continue to vehemently oppose the request.  Doc. 239, 244, 245.

Not enough has changed since my previous denial to justify consolidation of these cases today.  Rule 13 of the Federal Rules of Criminal Procedure permits the court to "order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information" after an evaluation of the Rule 8(a) factors permitting initial joinder.  *See United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996).  After a careful analysis of the two cases in June, I found none of Rule 8(a)'s three conditions satisfied,[3] and the Government's renewed motion offers nothing that persuades me that the case posture has changed in a way that strengthens the Government's joinder arguments or obviates the defendants' prejudice assertions.

Accordingly, IT IS HEREBY ORDERED that Defendant Halgat's Joinder in Defendant McCall's Opposition **(Doc. 245) is GRANTED**;

IT IS FURTHER ORDERED that the Government's Motion to Reconsider Consolidation/ Joinder of Two District Court Cases Involving Defendant Jeremy Halgat **(Doc. 231) is DENIED** without prejudice.

DATED October 29, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

order.  Regardless of how I construe the motion I reach the same result: the Government has not demonstrated that joinder of these matters under Rule 13 is presently warranted.

[2] Morrow was sentenced in April; Wickham in September.

[3] *See* Doc. 186; *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).