UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Jeremy Halgat,<br><br>    Defendant | 2:13-cr-00239-JAD-PAL<br><br>**Order Denying Motion to Consolidate**<br><br>[ECF No. 330] |

    Jeremy Halgat is a defendant in two cases arising out of an undercover investigation into the Vagos motorcycle organization known as "Operation Pure Luck," which resulted in two separate indictments pending before two judges in this district. In the first-filed (and instant) case, 13-cr-239-JAD-PAL (*McCall*), Halgat was originally charged alongside two defendants—Anthony McCall and Robert Morrow—for events occurring in February–March 2013. McCall passed away and Morrow pleaded guilty, leaving Halgat as the only remaining defendant in *McCall*. In the second case, 13-cr-241-APG-VCF (*Wickham*), Halgat was charged along with a single-co-defendant—Udell Wickham—for transactions that allegedly occurred during the Fall of 2012. Wickham pleaded guilty in May 2014, leaving Halgat as the only remaining defendant in *Wickham*. This is the government's third request to consolidate these cases, and Halgat again opposes this request. Because I find that the government still fails to satisfy the conditions for joinder, I deny the motion. But I give the parties seven days to show cause why the later-filed *Wickham* case should not be transferred to the undersigned judge for judicial economy.

**Discussion**

**A.    Joinder and consolidation of criminal matters**

    Rule 8(a) permits joinder of offenses against a single defendant if one of three conditions is satisfied. The offenses must be: (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitut[ing] parts of a common scheme or plan." In this

circuit, "the validity of joinder is determined solely by the allegations in the indictment."[1] The Ninth Circuit and the United States Supreme Court have explained that a Rule 8 violation requires reversal if the misjoinder had a "'substantial and injurious effect or influence in determining the jury's verdict.'"[2]

**B.     First motion to consolidate**

In the first motion to consolidate, the government argued that these cases should be joined because (1) Halgat and (the now-deceased) McCall would be entering into a joint defense agreement; (2) Halgat and McCall would be presenting an entrapment defense, which would allow the government to introduce evidence relating to the *Wickham* case at the *McCall* trial; and that (3) judicial economy supported consolidation because Task Force Officer ("TFO") Brancato would be a primary witness in both cases and Halgat had similar pretrial motions to dismiss pending in each.

I first found that the government failed to show that the cases were part of a common scheme or plan.[3] I reasoned that *Wickham* involves a series of controlled cocaine buys in which it is alleged that Halgat and Wickham sold cocaine to TFO Brancato; in *McCall*, Halgat is alleged to have provided armed security while two defendants not named in the *Wickham* case—McCall and Morrow—packaged and loaded a large quantity of cocaine into the TFO's vehicle.[4] These crimes occurred four months apart.

I next found that the government failed to satisfy the "same or similar character prong" of the joinder rule.[5] I reasoned that the indictments allege different offenses; the underlying acts occurred four months apart; the cases involve entirely separate actions and actors (aside from Halgat and TFO

---

[1] *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2006) (internal citations and quotation marks omitted).

[2] *United States v. Terry*, 911 F.2d 282, 277 (9th Cir. 1990) (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)).

[3] ECF No. 186 at 4–5 (applying the common-scheme-or-plan analysis from *Jawara*, 474 F.3d at 574).

[4] ECF No. 186 at 5.

[5] *Id.* at 5–6 (applying the same-or-similar-character analysis from *Jawara*, 474 F.3d at 575).

Brancato); the acts are not alleged to have occurred in the same place or places; and the government offered nothing to support the notion that the crimes involved the same modus operandi.[6]

I then noted that the government filed the cases separately on the same day and then prosecuted them for more than a year before seeking to consolidate them, which weighed against joinder. Finally, because the Ninth Circuit and the Supreme Court have held that a violation of Rule 8 requires reversal if "the misjoinder results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury's verdict,"[7] I found that the risk of prejudice to then-defendant McCall—who was not connected to the *Wickham* allegations—weighed heavily against consolidation.[8] Because I concluded that the government failed to show that consolidation was proper under any of the Rule 8 criteria, I denied the motion.

**C.     Second motion to consolidate**

After Judge Andrew Gordon (the presiding district judge in *Wickham*) and I announced intentions (and obtained the parties' agreement) to conduct a joint evidentiary hearing on the virtually identical motions to dismiss filed by Halgat in both *McCall* and *Wickham*, the government renewed its motion to consolidate, asking me to "revisit" my denial of the original joinder motion.[9]

The government attempted to flesh out its earlier arguments, contending that the cases are sufficiently related because the deliveries in *McCall* played a role in triggering the undercover operation that resulted in the *Wickham* case.[10] The government also argued that both cases were sufficiently connected because they both involve cocaine sales with similar elements, include co-conspirators who are Vagos members, and involve overlapping evidence and many of the same

---

[6] *Id.* The government did not identify which prong of Rule 8(a) it relied on. I addressed only the first and third prongs because there was no colorable argument that the offenses qualified under the second prong—as part of the same act or transaction—and the government did not move for joinder on that basis.

[7] *Jawara*, 474 F.3d at 579.

[8] *Id.* at 5.

[9] ECF No. 231.

[10] *Id.* at 3.

witnesses.[11]  The government also claimed that joinder would not have a substantial and injurious influence on the jury's verdict for McCall because the court could give a limiting instruction to cure any potential prejudice.[12]  I denied the government's renewed request, reasoning that the case posture had not changed in a way that either strengthened the government's joinder arguments or alleviated my prejudice concerns.[13]

### C. The third motion to consolidate

In the government's two-page motion to consolidate, it argues that joinder is now proper because McCall has passed away and the case against him has been dismissed, which resolves my earlier prejudice concerns.  The government also contends that the *Wickham* case is relevant to refuting Halgat's entrapment defense (assuming that he can successfully assert it) and "is both relevant to and constitutes evidence of the chronology of events that led to his indictment in this case and to show his criminal intent."[14]  Finally, the government argues that judicial economy favors consolidation because TFO Brancato is a primary witness in both cases and "[i]t is likely that the Government will call" other common witnesses.[15]

Though McCall's death obviously alleviates my concerns that he would be unfairly prejudiced by joinder, the government has still failed to show that joinder is proper under Rule 8's criteria.  Judicial economy is one of the benefits of joinder; it does not alone justify it, and relevance is not the standard for joinder.  The government's bare-bones assertions that the *Wickham* case is relevant to this one do not show that commission of one of the offenses "depended upon []or necessarily led to the commission of the other" or that "proof of one act []either constituted [] or depended upon proof of the other," as is normally required to satisfy the common-scheme-or-plan

---

[11] *Id.*

[12] *Id.* at 4.

[13] ECF No. 261.

[14] ECF No. 328 at 2.

[15] *Id.* at 3.

prong.[16] The government does not contend that these offenses are part of the same act or transaction. And the government fails to show that the *Wickham* offenses and those in this case are of the "same or similar character," i.e. that the elements of the offenses, temporal proximity of the acts, or the modus operandi of the crimes are sufficiently similar.[17] The interests of judicial economy and the government's interest in refuting Halgat's anticipated entrapment defense are insufficient to justify consolidation or joinder under Rule 8(a).[18]

**D.     Order to show cause**

Although I do not find that the government has met its burden to join these cases under Rule 8, it does seem to me that judicial economy would be served by having both cases heard by a single district judge and magistrate judge. The cases could be tried back-to-back, and status conferences and other hearings on both cases could be held simultaneously, eliminating duplication of effort by the parties and the court. Accordingly, the parties have seven days to show cause why the *Wickham* case should not be transferred to the undersigned under the court's inherent power to manage the docket and promote judicial economy.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the government's motion to consolidate **[ECF No. 328] is DENIED.**

The parties have until **March 2, 2017, to show cause why 2:13-cr-241-APG-VCF should not be transferred to the undersigned and Magistrate Judge Leen.**

Dated this 22nd day of February, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[16] *Jawara*, 474 F.3d at 574.

[17] *Id.* at 578.

[18] I express no opinion on the admissibility of evidence related to the *Wickham* case in this trial.