UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Jeremy Halgat,

    Defendant

2:13-cr-00239-JAD-PAL

**Order Denying Motions to Consolidate and Stay**

[ECF Nos. 350, 358]

    Jeremy Halgat is a defendant in three cases arising out of an undercover investigation into the Vagos motorcycle organization known as "Operation Pure Luck," which resulted in multiple, separate prosecutions before various judges in this district. In this—the first of Halgat's cases—the government alleges that he provided armed security for a remote-airstrip transfer of ten kilos of cocaine. In the second case pending before Judge Gordon,[1] Halgat is charged with hand-to-hand small-quantity drug sales. Both cases were indicted in 2013.[2]

    For nearly four years, Halgat has vigorously opposed every effort to consolidate these 2013 cases. But when the government filed a new racketeering indictment against Halgat and about two dozen other Vagos associates—which uses the drug crimes as overt acts in the RICO conspiracy—and he learned that the government was moving to dismiss the 2013 cases,[3] Halgat moved to consolidate the new RICO case pending before Chief Judge Navarro into this first-filed case before me. I find that consolidation is not appropriate. So I deny Halgat's request for consolidation and transfer, and I deny as moot his request for a stay pending a ruling on this motion.

---

[1] 2:13-cr-0241-APG-VCF ("*Wickham*").

[2] Halgat is at liberty.

[3] 2:16-cr-0265-GMN-CWH, ECF No. 335 at 119 (transcript of June 29, 2017, hearing on government's motion to reconsider Halgat's detention, where the prosecutor told Chief Judge Navarro that she was going to dismiss Halgat's 2013 cases). This motion to consolidate was filed a week later.

**Discussion**

The parties are familiar with the facts and history of these cases, so I do not recount them here.[4] Rule 8(a) permits joinder of offenses against a single defendant if one of three conditions is satisfied. The offenses must be: (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitut[ing] parts of a common scheme or plan." In this circuit, "the validity of joinder is determined solely by the allegations in the indictment."[5]

Halgat argues that I should transfer and consolidate "his 2017 RICO case, *United States v. Palafox*, 2:16-cr-00265-GMN-CWH, into his 2013 case pending before" me because "Counts 11 and 12" in the RICO case "are the **exact same two counts** that have been pending in the case before [me] for the past **four years**"[6] and the additional conspiracy count is based on "the **exact same allegations**" charged in this 2013 case.[7] He contends that judicial economy would be served by having both this 2013 case and his new RICO case "heard by a single district judge and magistrate judge," particularly the ones who "have entered lengthy orders in this [2013] case over the last four years."[8] And he suggests that the government is just "judge shopping" with this new indictment.[9] Halgat also wants me to ignore the fact that the government has moved to dismiss both of his 2013 cases, and he argues that the court must decide the consolidation motion before considering the

---

[4] *See* ECF Nos. 186, 261, 332; *see also* ECF No. 290 (order denying motions to dismiss indictment).

[5] *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2006) (internal citations and quotation marks omitted).

[6] ECF No. 350 at 4 (emphasis original).

[7] *Id*. at 7 (emphasis original). Halgat does not ask that I sever his prosecution from the other 22 jointly-charged defendants, so I assume he intends that I transfer the entire RICO case away from Chief Judge Navarro. He also does not ask me to consolidate or transfer his hand-to-hand drug sale case pending before Judge Gordon. *See* ECF No. 355 at 5 ("Halgat is not seeking to consolidate his 2013 *Halgat* and *Wickham* cases . . .").

[8] *Id*.

[9] *Id*.

government's request to dismiss.[10]

But I can't ignore the government's intention to dismiss this case. The continued pendency of this 2013 case is required for consolidation. Otherwise, there's no reason at all to transfer the 2017 case. Little judicial economy would be served by simply moving a case from one judge to another, particularly when the transferee judge is more familiar with just one of the twenty-three defendants.

Even if the government were not seeking to dismiss Halgat's 2013 prosecutions, however, I would deny this motion. First of all, the RICO case is not "based upon the exact same allegations charged in this 2013 case," as Halgat claims.[11] It's based on this case, plus the hand-to-hand drug sales in *Wickham*, plus murder, kidnapping, robbery, witness tampering, and extortion.[12] It also adds a completely new theme: "As leaders and gang enforcers," Halgat and others "directed other members and associates of the enterprise in carrying out unlawful and other activities."[13] Halgat has consistently argued that it would be highly prejudicial to consolidate his 2013 drug cases because their facts are just too different.[14] But if the facts of those drug cases are too different for consolidation, the distinctions between the 2013 cases and the new RICO case certainly militate against consolidation.

Halgat's judicial-economy arguments ring hollow considering that he has long argued that no

---

[10] ECF No. 355 (reply); 358 (motion to stay/defer).

[11] ECF No. 350 at 7 (emphasis deleted).

[12] *Compare* ECF No. 1 (narrowly based on Halgat's acts occurring between February 22, 2013, and March 2, 2013, in which Halgat provided "armed security" for the air-strip transfer of ten kilos of cocaine), and ECF No. 1 in 13-cr-241-APG-VCF (charging the hand-to-hand drug transactions in 2012); *with* 16-cr-0265-GMN-CWH, ECF No. 13 at 17, ¶ 7(a)-(i) (identifying the racketeering acts of Halgat and his co-defendants to collectively include Halgat's alleged narcotics activities plus murder, kidnapping, robbery, and extortion).

[13] 16-cr-0265-GMN-CWH, ECF No. 13 at 13, ¶ 4(a).

[14] *See, e.g.,* ECF Nos. 181, 244, 230 (oppositions to motions to consolidate).

judicial economy would be gained from consolidating his 2013 cases[15] or even from transferring them to a single district/magistrate judge.[16] After I denied the government's third motion to consolidate, which Halgat opposed, I ordered the parties to show cause why the court should not transfer Halgat's second-filed case pending before Judge Gordon and Magistrate Judge Ferenbach to myself and Magistrate Judge Leen.[17] I noted, "it does seem to me that judicial economy would be served by having both cases heard by a single district judge and magistrate judge" because, among other things, "status conferences and other hearings on both cases could be held simultaneously, eliminating duplication of effort by the parties and the court."[18]

Halgat vehemently disagreed. He explained that his attorney lacks the resources to manage two cases that way. And he argued that because of "the complexity of [his 2013 cases] and the fact that they are completely different charges relating to entirely different incidents with different parties," transfer of both cases to a single judge would violate his "due process rights and right to a fair trial."[19] The instant motion can only be seen as a retreat from that position, and one for which Halgat has not offered a good explanation. If his two drug cases, filed on the very same day, had such different allegations, defenses, and procedural postures that trying them together would violate Halgat's due process rights, the prejudice could only be exponentially worse with the consolidation of this case with a four-year-newer prosecution for those drug crimes plus the RICO enterprise.

I am unpersuaded by the parties' cross accusations that the other is judge shopping. The record does not suggest that the government was playing games to get its claims against Halgat to Chief Judge Navarro. Cases are randomly assigned in this district, and when the government

---

[15] ECF Nos. 181, 244, 230 (oppositions to motions to consolidate).

[16] ECF No. 334 (response to OSC re: transfer).

[17] ECF No. 332.

[18] *Id*. at 5. I find that the parties satisfied their obligation to show cause why Halgat's second-filed case should not be transferred to this court, and I deem the parties' obligations under my OSC [ECF No. 332] discharged.

[19] ECF No. 334 at 3.

originally filed the racketeering case in 2016, it was randomly assigned to Chief Judge Navarro. Although the government theoretically could have added the new allegations and defendants that make up the current superseding indictment in *Palofax* to one of Halgat's cases, it made more sense to do so in *Palofax* because that is where the original racketeering theory was alleged.[20] So it does not appear to me that the government is judge shopping. And if Halgat truly wanted to consolidate his cases, this first-filed case would be the right one to consolidate the other cases into. So it does not appear that Halgat is judge shopping either.

Finally, it is important to note that Halgat's representation in the RICO case is handled by a different attorney than the one handling his 2013 cases (Melanie Hill, Esq.). The fact that Halgat's cases are being handled by different attorneys minimizes any judicial economy that would be served by consolidation. The government has also indicated that Ms. Hill may be a percipient witness in the RICO case.[21] That possibility strongly counsels against consolidation.

I therefore deny Halgat's motion for consolidation and transfer,[22] and I also deny as moot Halgat's motion to stay this case pending the outcome of this motion.[23] Halgat has until 5 p.m. tomorrow, August 11, 2017, to supplement his opposition to the government's motion to dismiss [ECF No. 353], and the parties should be prepared to argue the motion to dismiss at the August 14, 2017, calendar call.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Halgat's motion to consolidate and transfer **[ECF No. 350] is DENIED;**

IT IS FURTHER ORDERED that Halgat's motion to stay **[ECF No. 358] is DENIED as moot**;

. . .

---

[20] *See* 16-cr-0265-GMN-CWH, ECF No. 1.

[21] 16-cr-0265-GMN-CWH, ECF No. 236 at 2.

[22] ECF No. 350.

[23] ECF No. 358.

Finally, **Mr. Halgat has until 5 p.m. tomorrow, Friday, August 11, 2017, to supplement his opposition to the government's motion to dismiss** [ECF No. 353].

Dated this 10th day of August, 2017.

_____
Jennifer A. Dorsey
United States District Judge